zance or appeal bond in accord with title 10, C. C. P. of 1925.

---

1

Jim RHODES v. STATE. (No. 9611.) (Court of Criminal Appeals of Texas. Dec. 2, 1925.) Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge. Adams & Moore, of Nacogdoches,. for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The record is before us without bills of exception or statement of facts. The indictment appears regular. No fundamental error has been discovered or pointed out. The judgment is affirmed.

---

2

G. M. HANAN et al. v. Cleve CALLOWAY. (No. 39.) (Court of Civil Appeals of Texas. Eastland. Dec. 4, 1925.) Appeal from Shackelford County Court; J. A. King, Special Judge. M. S. Long, of Abilene, and L. H. Brittain, of Moran, for appellants. Callaway & Callaway, of Comanche, for appellee.

PANNILL, C. J. At the close of last term this cause was set for submission for October 30th, and the parties notified and submitted as assigned. Appellants filed their briefs here October 28th, without complying with the rules and said briefs should not have been filed. Appellee also on October 30th filed briefs, stating case had not been briefed, and asking for affirmance without considering the record. Afterwards appellee filed motion to strike out appellants' briefs. Appellants have answered said motion with a showing of a verbal agreement to waive filing and that counsel for appellants overlooked the setting for submission and because busy in other matters had neglected to prepare briefs until a few days before submission. It is unfortunate that such situations occur. If appellants had prepared their briefs in time for appellee to have answered same, we would be disposed to waive the rule and permit the briefs of appellant to be filed; but in the present situation we do not believe we would be justified in permitting appellants' briefs to be filed, and thus consider the case without appellee having an opportunity to brief the case. It may be that appellants have a meritorious appeal, but, if they have failed to prosecute it, they should suffer, rather than appellee's case should be considered without a hearing, without fault on the part of appellee. The orderly and proper administration of the business of this court requires some observance of its rules. The motion must be sustained. No fundamental error appearing, the judgment of the trial court is affirmed.

---

3

Catarino PEDREGON v. P. E. GARDNER et al. (No. 1805.) (Court of Civil Appeals of Texas. El Paso. Nov. 12, 1925.) Appeal from District Court, El Paso County; Ballard Coldwell, Judge. John T. Hill, of El Paso, for appellant. Wallace & Cameron, M. Scarborough, and A. H. Culwell, all of El Paso (Turney, Burges, Culwell, Holliday & Pollard, of El Paso, of counsel), for appellees.

WALTHALL, J. This suit was brought by appellant, Catarino Pedregon, against appellees, P. E. Gardner and J. B. and A. A. Larazola, to recover damages alleged to have resulted to appellant by reason of certain alleged representations made to him, by which he was induced to become a surety upon an appearance bond for one Mark Tillery, as principal—his liability on said bond being that of a surety, and conditioned that, should said Tillery appear and abide by the judgment and sentence of the United States Circuit Court of Appeals, the said bond to become void; otherwise, of force and effect. Tillery breached the terms of the bond and appellant became liable thereon. Appellant alleged that, in becoming surety on said bond, he acted upon said representations which he alleged to be false. Appellees answered by general denial, and by special denial traversed the facts alleged as to said false representations. The case was tried with a jury and submitted upon special issues, and upon the issues found judgment was rendered in favor of all defendants. Upon the overruling of the motion for a new trial appellant excepted, and gave notice of and perfected his appeal to this court. There are no briefs filed here by appellant. The court had jurisdiction of the parties and of the subject-matter of the suit. The evidence was sufficient to support the findings of the jury and the judgment entered thereon. We find no fundamental error of law apparent on the face of the record, and the judgment is affirmed.